Filed 11/18/24  Dumas v. General Motors CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CONNIE DUMAS et al., | |
| Plaintiffs and Appellants, | E081338 |
| v. | (Super.Ct.No. CVRI2100249) |
| GENERAL MOTORS, LLC, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.  Dismissed.

Strategic Legal Practices, Tionna Dolin, Rabiya Tirmizi; Greines, Martin, Stein & Richland, Cynthia E. Tobiasman, Joseph V. Bui and Rachel A. Beyda for Plaintiffs and Appellants.

King & Spalding and Paul R. Johnson; Erskine Law Group, Mary Arens McBride and Ryan Kay for Defendant and Respondent.

1

# I.  INTRODUCTION

Plaintiffs and appellants Connie Dumas and Reuben Dumas sued defendant and respondent General Motors, LLC (GM), alleging in five causes of action that GM was liable to plaintiffs under the Song-Beverly Consumer Warranty Act (Civ. Code, §§ 1790 to 1795.8;[1] the "Song-Beverly Act" or "Act"), based on GM's breach of express and implied warranties in connection with plaintiffs' purchase of a 2012 Chevrolet Cruze from Singh Chevrolet in Riverside in 2016.  The court granted GM's motion for summary judgment, and plaintiffs' appeal from the judgment in favor of GM.  As we explain, our Supreme Court's recent decision in *Rodriguez v. Us* (2024)___Cal.5th___(Oct. 31, 2024, S274625) [2024 Cal.Lexis 6016] (*Rodriguez*) resolves this appeal adversely to plaintiffs.

After the *Rodriguez* decision was issued and this court mailed its second tentative opinion to the parties, the parties filed a "stipulated request for dismissal of appeal," informing this court that they have settled their dispute and asking this court to dismiss plaintiffs' appeal, with prejudice, with the parties to bear their own costs on appeal and the remittitur to issue immediately.  (Cal. Rules of Court, rules 8.244(c), 8.272(c), 8.278(a)(5).)  We grant these requests and dismiss the appeal.

# II.  FACTS AND PROCEDURE

In their operative second amended complaint (SAC), plaintiffs allege they purchased a 2012 Chevrolet Cruze from Singh Chevrolet for personal, family, and

---

[1] Unspecified statutory references are to the Civil Code.

household purposes in 2016. "[I]n connection with the purchase," plaintiffs received express written warranties including a 3-year/36,000 mile express bumper to bumper warranty" and "a 5-year/100,000-mile powertrain warranty" and other written warranties. During "the warranty period," the Cruze developed "defects related to the powertrain system, including the engine, and/or transmission; defects related to the electrical system, and other defects." On multiple occasions, plaintiffs presented the Cruze to Singh Chevrolet and other "authorized repair facilities" "with concerns related to" the "engine and/or cooling system," but "the symptoms, issues, concerns and/or defects related to the . . . engine and/or cooling system persisted."

In the SAC, plaintiffs allege GM violated the Act by (1) failing to replace the Cruze or make restitution following a reasonable number of repair attempts; (2) commence repairs within a reasonable time; (3) make available "sufficient service literature and replacement parts"; and (4) honor express written warranties (first through fourth causes of action) (§ 1793.2, subds. (a), (b), (d)(2).) Plaintiffs also allege GM breached the implied warranty of merchantability, which is "coextensive in duration" with the written warranties GM provided on the original sale of the Cruze, up to a period of one year (fifth cause of action). (See §§ 1791.1, 1794, 1795.5). Plaintiffs seeks damages according to proof, rescission of plaintiffs' purchase contract for the Cruze, restitution, a civil penalty of two times plaintiffs' actual damages (§ 1794, subds. (d), (e)), and unspecified relief.

In moving for summary judgment, GM argued plaintiffs could not establish a cause of action or entitlement to a remedy against GM under the Act, because plaintiffs

3

purchased the Cruze as a used car, and GM did not provide a new car warranty for the Cruze when Singh Chevrolet sold it to plaintiffs. Undisputed evidence showed plaintiffs purchased the 2012 Cruze as a used or pre-owned car in 2016 from Singh Chevrolet in Riverside; the Cruze was originally sold with a "basic three-year/36,000 mile bumper-to-bumper warranty and a five-year/100,000 mile limited powertrain warranty," covering the engine and transmission; at the time of the 2016 sale, the Cruze had 53,903 miles on it; the bumper-to-bumper warranty had expired, but an unspecified balance remained on the powertrain warranty, which expired no later than February 25, 2017. The undisputed evidence also showed that GM, the manufacturer of the Cruze, did not issue any new or additional warranty coverage to plaintiffs when plaintiffs purchased the Cruze from Singh Chevrolet.

The trial court granted GM's motion following a January 17, 2023 hearing. On February 17, 2023, the court entered judgment in favor of GM on the SAC and dismissed plaintiffs' causes of action, with prejudice. Plaintiffs filed a timely notice of appeal from the judgment.

### III. DISCUSSION

A. *Standard of Review*

A party moving for summary judgment bears an overall burden of persuasion to demonstrate there is no triable issue of material fact, and they are entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845.) We independently review the trial court's decision to grant a defendant's motion for summary judgment. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) In doing so,

4

we apply the traditional three-step analysis used by the trial court, that is, we (1) identify the pleaded issues, (2) determine whether the defense has negated an element of the plaintiff's case or has established a complete defense, and, if so, (3) determine whether the plaintiff has raised a trial issue of material fact. (*Hernandez v. City of Stockton* (2023) 90 Cal.App.5th 1222, 1229.)

B. *Under* Rodriguez, *Plaintiffs Cannot State a Claim Against GM Under the Act*

"The Song-Beverly Act is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 798.) The Act "provides enhanced remedies to consumers who buy new consumer goods accompanied by a manufacturer's express warranty. . . . (§ 1793.2.) . . . The same protections generally apply to the sale of used goods accompanied by an expressed warranty, except that the distributor or retail seller is bound, as opposed to the manufacturer . . . ." (*Kiluk* v. *Mercedes-Benz USA, LLC* (2019) 43 Cal.App.5th 334, 336, fn. omitted (*Kiluk*).) The enhanced remedies available under the Act are " 'distinct from' and 'in addition to' remedies otherwise available in contract under the California Uniform Commercial Code." (*Rodriguez, supra,*___Cal.5th___[2024 Cal.Lexis 6016 at *3].)

The Act defines the parties who issue warranties as follows. A manufacturer is an entity "that manufactures, assembles, or produces consumer goods." (§ 1791, subd. (j).) A distributor is an entity "that stands between the manufacturer and the retail seller in purchases, consignments, or contracts for sale of consumer goods." (§ 1791, subd. (e).)

A seller or retailer is an entity "that engages in the business of selling or leasing consumer goods to retail buyers." (§1791, subd. (*l*).)

In their first cause of action, plaintiffs allege GM violated the Act's "refund-or-replace" provision for new motor vehicles, section 1793.2, subdivision (d)(2), which "requires manufacturers to . . . 'promptly make restitution' to the buyer when the manufacturer is 'unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts.' " (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *2-*3].) Section 1793.2, subdivision (e)(2) defines " 'new motor vehicle' " to include "a new vehicle 'bought or used primarily for personal purposes' as well as 'a dealer-owned vehicle and a "demonstrator" or other motor vehicle sold with a manufacturer's new car warranty.' " (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *3].) Resolving an issue of statutory construction which had divided the Courts of Appeal, *Rodriguez* concluded that, "a motor vehicle purchased with an unexpired manufacturer's new car warranty does not qualify as a 'motor vehicle sold with a manufacturer's new car warranty' . . . unless the new car warranty was issued with the sale." (*Id.* at *4.)[2] Thus, under *Rodriguez*, the buyer of a

_____

[2] *Rodriguez* affirmed this court's decision in *Rodriguez v. FCA US, LLC* (2022) 77 Cal.App.5th 209, review granted July 13, 2022, S274625, which had created a split of authority with *Jensen v. BMW of North America*, *Inc.* (1995) 35 Cal.App.4th 112 (*Jensen*). (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *5].) *Jensen* observed that " ' new motor vehicle[s]' " (§ 1793.2, subd. (e)(2)) include " 'cars sold with a balance remaining on the manufacturer's new motor vehicle warranty.' " (*Jensen*, at p. 123.) *Rodriguez* disapproved *Jensen* to the extent *Jensen* is inconsistent with

*[footnote continued on next page]*

previously-owned (i.e. used) vehicle that is *not sold with* a manufacturer's new car warranty is not entitled to the Act's enhanced "refund-or-replace" remedy.

It is undisputed that the 2016 sale of the Cruze to plaintiffs was not accompanied by GM's manufacturer's new car warranty. Thus, under *Rodriguez*, plaintiffs cannot establish their first cause of action against GM for a refund of the purchase price or a replacement of the previously-owned Chevy Cruze that plaintiffs purchased from Singh Chevrolet, in 2016, with $53,903 miles on it. Plaintiffs' second through fifth causes of action, in which plaintiffs allege GM is liable to plaintiffs under the Act for failing to (1) commence repairs on the Cruze within a reasonable time (second); (2) make available "sufficient service literature and replacement parts" (third); (3) honor GM's written warranties on the Cruze (fourth), and (4) honor the implied warranty of merchantability (fifth), also fail as matter of law.

As *Rodriguez* explains, the Act distinguishes between "new" and "used" consumer goods, and, with exceptions not applicable here, imposes obligations and enhanced remedies against manufacturers providing express warranties in the sale of *new goods*. (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *13-*14].) The Act imposes similar obligations and enhanced remedies against distributors and retail sellers who provide express warranties in the sale of used goods, but in the sales of used goods " 'the manufacturer is generally off the hook.' " (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *14], quoting *Kiluk*, *supra*, 43 Cal.App.5th at p. 339.) Likewise,

---

*Rodriguez's* interpretation of section 1793.22, subdivision (e)(2). (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *23].)

" 'only distributors or sellers of *used goods*—not manufacturers of *new goods*—have implied warranty obligations in the sale of *used goods*.' " (*Rodriguez*, *supra*, ___Cal.5th___[2024 Cal.Lexis 6016 at *14], quoting *Ruiz Nunez v. FCA US LLC* (2021) 61 Cal.App.5th 385, 399.)**3**

In sum, plaintiffs cannot establish a cause of action or entitlement to a remedy against GM under the Act. Although GM is the manufacturer of the Cruze, the Cruze is not a " 'new motor vehicle' " for purposes of the Act because it was not sold to plaintiffs with a new car manufacturer's warranty, and there is no evidence GM issued any new car warranties to plaintiffs in connection with plaintiffs' purchase of the Cruze from Singh Chevrolet. (*Rodriguez*, *supra*,___Cal.5th___[2024 Cal.Lexis 6016 at *14-*15].) No evidence shows GM was a distributor or a retail seller of the Cruze. (§ 1791, subds. (e), (*l*).) Plaintiffs acknowledge they adduced no evidence that GM was "a 'distributor' under the Act." (1791, subd. (e).) Thus, plaintiffs cannot establish a necessary element of any of their five alleged causes of action against GM.**4**

---

**3** Though not binding on this court, several federal district courts have also held that distributors and retailers, but not manufacturers, are liable to used vehicle purchasers for breach of the implied warranty of merchantability under the Act. (*Johnson v. Nissan N. Am.*, *Inc.* (N.D. Cal. 2017) 272 F.Supp.3d 1168, 1178-1179; *In re MyFord Touch Consumer Litig* (N.D. Cal. 2018) 291 F.Supp.3d 936, 950; *Victorino v. FCA US LLC* (S.D. Cal. 2018) 326 F.R.D. 282, 300-301.)

**4** Plaintiffs have filed two motions, collectively asking this court to take judicial notice of (1) the appellants' briefs filed in *Jensen*, (2) the briefs filed on appeal before our Supreme Court in *Rodriguez*, (3) the legislative history of section 1793.01, (4) legislative history materials attached to motions for judicial notice filed in this court in *Rodriguez*, and (5) other legislative history materials concerning the Act. For its part, GM has moved this court to take judicial notice of the materials lodged with our Supreme Court

*[footnote continued on next page]*

## IV. DISPOSITION

Plaintiffs' appeal is dismissed with prejudice.  The parties shall bear their costs on appeal, and the remittitur shall issue immediately.   (Cal. Rules of Court, rule 8.272 (c).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                            J.

We concur:


RAMIREZ
              P.J.


RAPHAEL
              J.

---

in *Rodriguez* (S274625).  These include legislative history materials concerning the Act, Vehicle Code excerpts, and the respondents' and cross-appellants' briefs filed in *Jensen*. We deny these requests.  In light of our Supreme Court's decision in *Rodriguez*, the materials are irrelevant and unnecessary to our decision in this case.